# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **QUINDALE ADDISON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 06-7395** |
| **MR. WILKINSON, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that a federal evidentiary hearing is unnecessary. See Title 28, United States Code, Section 2254(e)(2).[1] For the

---

[1] Under Title 28, United States Code, Section 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, Title 28, United States Code, Section 2254(e)(2)(A)(I), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, Title 28, United States Code, Section 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. Title 28, United States Code, Section 2254(e)(2)(B).

following reasons, it is recommended that the instant petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE for failure to exhaust.** It is further recommended that this matter be **STAYED** and that Addison be allowed to re-open these proceedings, in compliance with the deadlines set forth herein, after he has exhausted his state court remedies.

## Procedural Background

Petitioner, Quindale Addison[2], is presently incarcerated in David Wade Correctional Center in Homer, Louisiana. Petitioner was convicted by a jury in the Twenty-Fourth Judicial District Court, Jefferson Parish, Case No. 02-6646, on April 24, 2003, of one count of distribution of cocaine, a violation of La. R.S. 40:967(A).[3] On May 13, 2003, Addison was sentenced to serve ten years of imprisonment at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence. On June 12, 2003, the State filed a habitual offender bill, claiming Addison was a third felony offender. Addison eventually stipulated to the multiple bill. On October 8, 2003, the court vacated the original sentence and sentenced Addison to imprisonment at hard labor for twenty years without benefit of probation or suspension of sentence.

---

[2]Although the instant petition was filed naming "Quindale Addison" as the petitioner, Addison has filed pleadings with the court listing his name as "Quindele Addison".

[3]During the second day of trial, the judge held Addison in contempt of court, ordered him to serve six months in the parish prison, and directed that he be removed from the courtroom. The trial proceeded in Addison's absence.

2

Petitioner appealed his conviction and sentence to the Louisiana Court of Appeal, Fifth Circuit, which affirmed the conviction and sentence on March 30, 2004.[4] Petitioner applied for a writ of certiorari and/or review in the Louisiana Supreme Court. The writ application was denied on October 29, 2004.[5] On April 21, 2005, petitioner filed a uniform application for post-conviction relief (PCR) in the state district court.[6] The district court denied the application for PCR on May 12, 2005.[7] Petitioner's application for supervisory writs was denied by the Louisiana Court of Appeal, Fifth Circuit on August 3, 2005.[8] According to the Clerk of the Louisiana Supreme Court, in a letter dated January 13,

---

[4]**State v. Addison,** 871 So.2d 536 (La. App. 5th Cir. 2004). The Fifth Circuit held: (1) the trial court did not deny Addison his confrontation right by removing him from the courtroom during his trial; (2) while the agents viewing of videotape of the drug transfer prior to viewing the photographic lineup was suggestive, there was no substantial likelihood of misidentification; and, (3) the evidence was sufficient to support the conviction.

[5]**State v. Addison,** 885 So. 2nd 584 (La. 10/29/04). (Addison's claims were that it was error to remove him from his trial and insufficient evidence. See State Record, Vol. 5, for a copy of his brief; No. 04-KO-1291, at page 4.)

[6]See State Record, Vol. 2, for a copy of the application for PCR.

[7]See State Record, Vol. 2, for a copy of the Order. The trial court addressed Addison's seven issues: (1) Addison's attorney provided ineffective assistance of counsel; (2) the trial court erred by denying the defendant's Motion to Suppress Evidence; (3) the District Attorney's office and the Jefferson Parish Sheriff's office withheld evidence favorable to the defendant; (4) the trial court erred by denying defendant his constitutional right to be present at the trial; (5) the magistrate court erred by not allowing a preliminary examination hearing at that level in violation of the Constitution of 1974 and the U.S. Constitution; (6) the trial court violated the defendant's constitutional right to counsel; and, (7) the trial court erred by allowing the District Attorney to submit evidence before the trial which was hearsay evidence.

[8]See State Record, Vol. 2, for a copy of the ruling. **Quindale Addison v. State of Louisiana,** No. 05-KH-764 (La. App. 5th Cir. Aug. 3, 2005). The Fifth Circuit said: On the

2006, petitioner's application was metered on August 26, 2005, and was received and filed on January 13, 2006.[9] A copy of petitioner's brief in support of his application to the Louisiana Supreme Court is contained in the State Record, Volume 5, Docket No. 06-KH-108. Petitioner brought only one assignment of error as follows: The trial court wrongfully found that the petitioner was not denied his Sixth Amendment right to effective assistance of counsel. Petitioner's application for Supervisory Writs to the Supreme Court of Louisiana was denied on June 23, 2006.[10]

On or about October 16, 2006, petitioner timely filed a petition for federal habeas corpus relief with this Court, wherein he listed eight claims for relief in his petition[11] as follows:

(1) It was error to remove the petitioner from the courtroom during trial.

(2) The evidence was insufficient to support the conviction.

(3) Ineffective assistance of counsel.

(4) The trial court erred by denying petitioner's motion to suppress evidence.

---

presentation, the application discloses no error in the trial court's ruling of May 12, 2005, on relator's application for post conviction relief. Accordingly, this writ is denied.

[9]See State Record, Vol. 2, for copy of Clerk's letter.

[10]See State Record, Vol. 2, for a copy of the ruling. **State ex rel. Quindale Addison v. State of Louisiana,** No. 2006-KH-0108 (La. June 23, 2006).

[11]Fed. Record, Doc. No. 1, Petition, pages 5-15.

4

(5) The district attorney and sheriff withheld evidence (**Brady**) favorable to the petitioner.

(6) The magistrate court unlawfully denied petitioner a preliminary hearing.

(7) Denied right to counsel.

(8) Trial court erred by admitting hearsay evidence during the trial.

Although petitioner included all eight of his claims on his form application, review of the memorandum,[12] page 3, lists only three claims as follows, in pertinent part:

(1) Petitioner was deprived his right to a fair trial by being removed from his trial.

(2) The evidence was insufficient to support the conviction.

(3) Constructive denial/ineffective assistance of counsel.

Study and review of the petitioner's memorandum and the state court record shows that the above three claims were the only claims briefed and the only three claims which have been exhausted in the state courts.

The respondent filed a response on January 20, 2007, wherein it was stated that the petitioner had exhausted his three claims, i.e., the three claims raised and addressed in the memorandum. No mention was made of the additional five unexhausted claims raised

---

[12]Fed. Record, Doc. No.1, Petition, the memorandum is attached to the petition.

in petitioner's form petition. The respondent also conceded that petitioner's federal application was timely filed.[13]

On August 25, 2009, the undersigned Magistrate Judge ordered that petitioner notify the court as to whether he was attempting to raise all eight claims (which, the court warned, may subject the petition to dismissal for failure to exhaust) or, whether he wished to raise only the three exhausted claims. On September 4th, 2009, petitioner sent a written response to the court indicating that he "would like to raise all eight claims listed in his federal petition." However, Addison also added that he did not "wish to abandon nor have his claims resulted (sic) with a dismissal without prejudice."[14] In maintaining that he wants to proceed with a mixed petition and not have his petition dismissed without prejudice due to his failure to exhaust, Addison clearly wants two incompatible things, which the court cannot grant.

Exhaustion

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1);

---

[13]Fed. Record, Doc. No. 9, Response to Habeas Petition page 3.

[14]See Fed. Doc. 13.

**Baldwin v. Reese**, 541 U.S. 27, 29 (2004). A federal court may raise *sua sponte* the lack of exhaustion. **Magouirk v. Phillips**, 144 F.3d 348, 357 (5th Cir. 1998); *see also* **Tigner v. Cockrell**, 264 F.3d 521, 526 n.3 (5th Cir. 2001); **Shute v. Texas**, 117 F.3d 233, 237 (5th Cir. 1997).

It is apparent from petitioner's application and the state court record that not all of his claims are yet exhausted. Petitioner's claims numbered (4)-(8) were never presented to the Louisiana Supreme Court, either on direct review or in post-conviction proceedings, and are therefore unexhausted. Thus, petitioner's federal application is a "mixed petition" containing both exhausted and unexhausted claims. A habeas petition containing both exhausted and unexhausted claims is a "mixed" petition *which should be dismissed without prejudice*. **Alexander v. Johnson**, 163 F.3d 906, 908 (5th Cir. 1998), citing **Rose v. Lundy**, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(emphasis added); see also **Whitehead v. Johnson**, 157 F.3d 384, 387 & n. 6 (5th Cir.1998).

The problem with treating petitioner's habeas application as a mixed petition, however, is that although such a petition is technically dismissed *without* prejudice, a dismissal in this case would effectively be *with* prejudice since his federal habeas was (timely) filed in this court on or about October 16, 2006.[15] The U.S. Supreme Court has ruled that the words "other collateral review" in 28 U.S.C. §2244(d)(2) do not cover a federal

---

[15] October 16, 2006 is the stamped filing date however petitioner apparently tendered the application to his prison custodian on September 29, 2006, the date he signed his federal petition.

habeas proceeding, thus petitioner's one year limitations period would not be tolled during the pendency of the instant federal action. **Duncan v. Walker**, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251(2001). A dismissal "without prejudice" at this juncture would therefore mean the permanent end of *any* federal habeas review as petitioner would be time-barred from returning to federal court after exhausting his state remedies. The court again notes that Addison's petition was timely filed in this court and it appears that he was otherwise diligent in the pursuit of his rights in state and federal court.[16] In fairness to petitioner, the court takes note of the fact that petitioner's federal application has been pending in this court since October 2006 and it was only recently identified as a failure to exhaust by the court *sua sponte*. The respondent did not earlier bring the exhaustion issue to the court's attention.

It is clear that petitioner's federal habeas must be dismissed without prejudice for failure to exhaust. However, in light of the circumstances noted above, the court finds petitioner's rights to pursue federal habeas relief should be preserved until such time as he has exhausted his state remedies in the state courts. It may very well be the case that petitioner's attempts to pursue his unexhausted claims in the state courts will be procedurally barred in those courts, thus limiting the habeas review available to him in federal court at a later date. However, whether his currently unexhausted claims will be procedurally barred

---

[16]It may be that Addison would be entitled to equitable tolling upon his return to federal court after he exhausts his state remedies pursuant to **Pace v. Guglielmo**, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). However, since it is premature to render a decision on his future entitlement to equitable tolling, the court makes no determination on this issue.

is a matter for the state courts to decide and does not fall within the realm of this court's review.

In fashioning a remedy in this case, the Court is cognizant of the fact that "[t]he 1-year limitation period of §2244(d)(1) quite plainly serves the well recognized interest in the finality of state court judgments. . ." and " . . . reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." **Duncan**, 533 U.S. at 180, 121 S.Ct. 2120, 2128. To avoid undercutting the strong interest in avoiding unnecessary delay, the court sets forth specific time deadlines and makes the following recommendation:

## **RECOMMENDATION**

**IT IS RECOMMENDED** that these proceedings be **STAYED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes.

**IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner subsequently be allowed to file a motion to reopen these proceedings provided that petitioner initiates his state post-conviction proceedings in an attempt to exhaust issues (4)-(8) **within 30 days of this decision.**

**IT IS FURTHER RECOMMENDED** that petitioner be allowed to file a motion to reopen these proceedings **within thirty (30) days** after exhausting issues (4)-(8) in the Louisiana Supreme Court.

**FAILURE TO TIMELY COMPLY WITH THE DEADLINES NOTED ABOVE MAY RESULT IN THE DENIAL OF PETITIONER'S MOTION TO RE-OPEN THESE HABEAS PROCEEDINGS. Petitioner may, however, seek an extension of time from this court for good cause shown.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___18th___ day of September, 2009.

[signature]

**LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE**